*NEVADA LEGAL SERVICES*
RON SUNG, ESQ.
Nevada State Bar No. 13047
I. KRISTINE BERGSTROM, ESQ.
Nevada State Bar No. 10841
NEVADA LEGAL SERVICES, INC.
530 South 6th Street
Las Vegas, Nevada 89101
(702) 386-0404 x148
Facsimile (702) 388-1641
rsung@nlslaw.net
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

RHEA RICHARDSON,

    Plaintiff,

vs.

SOUTHERN NEVADA REGIONAL
HOUSING AUTHORITY and
JOHN HILL in his capacity as Executive
Director of the SOUTHERN NEVADA
REGIONAL HOUSING AUTHORITY

    Defendants.

CASE NO. 2:15-cv-02012-RFB-GWF

**<u>PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION</u>**

COMES NOW, Plaintiff RHEA RICHARDSON ("Richardson"), by and through her attorney, Ron Sung, Esq., of Nevada Legal Services, Inc., and moves this court pursuant to Fed. R. Civ. P. 65(b) for a preliminary injunction requiring Defendants Southern Nevada Regional Housing Authority and John Hill to reinstate Richardson's Section 8 Housing Choice Voucher subsidy so that she can continue to receive public housing rental subsidies. This motion is based on Fed. R. Civ. Pro. 65, etc., and the concurrently filed points and authorities

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### PARTIES

Richardson was a recipient of a Section 8 Public Housing Choice Voucher through the SNRHA. Defendant SNRHA is a municipal corporation created and existing under Chapter 315 of the Nevada Revised Statutes. The SNRHA is a Public Housing Agency within the meaning of 42 U.S.C. § 1437 and administers federally subsidized housing, including the Section 8 Public Housing program, as authorized by the United States Housing Act. Defendant, JOHN HILL, is the Executive Director of the SNRHA and has ultimate responsibility for administering the SNRHA's policies, including those related to its housing choice voucher programs.

### REGULATORY BACKGROUND

Richardson was a participant of SNRHA's Section 8 Housing Choice Voucher ("Voucher") program and received housing subsidies from the U.S. Department of Housing and Urban Development ("HUD") under the U.S. Housing Act of 1937, 42 U.S.C. §1437f, and governed by regulations contained in 24 C.F.R. Part 982. HUD requires SNRHA to inspect a leased unit under the Voucher program before SNRHA enters into a contract with the landlord. At least annually, SNRHA must confirm the unit complies with HUD's Housing Quality Standards ("HQS").[1] HUD also sets the standards that SNRHA must follow in terms of setting the rent subsidy, the lease contents, and reasons to terminate the Voucher subsidy.[2] SNRHA

---

[1] 24 C.F.R. 982.401-406.
[2] *Id.*

will terminate participants of the Voucher program who fail to comply with the HQS inspections.[3]

## FACTUAL ALLEGATIONS

Richardson was a recipient of a Voucher administered by the SNRHA. Richardson commenced her subsidized tenancy at 6540 Angel Mountain Avenue, Las Vegas, Nevada ("assisted unit") in 2011.

SNRHA scheduled an HQS annual inspection of the assisted unit on August 11, 2015, between 8:15 a.m. and 11:30 a.m. Richardson received notice of the inspection and was present at the assisted unit during that date and time, but SNRHA's inspector did not show up. At 12:02 p.m. Richardson left a message to SNRHA's inspections department asking why the inspector did not show up. At 2:02 p.m., SNRHA called Plaintiff back stating the inspector was not answering his cell phone and the need to reschedule the inspection. Richardson believes that SNRHA's inspector showed up to the assisted unit sometime in the afternoon of August 11, 2015, but the inspector did not knock on the door or ring the doorbell; instead, the inspector placed a "Sorry I Missed You" door hanger.

SNRHA scheduled a second HQS annual inspection of the assisted unit on August 19, 2015. Plaintiff never received any notice, and as a result, Plaintiff missed the August 19, 2015, second inspection.

SNRHA sent a Notice of Termination to Richardson on August 25, 2015, stating that SNRHA will terminate Richardson's Voucher on "[sic] September 31, 2015," due to Richardson's failure to comply with HQS inspections. The U.S. Postal Service returned the

---

[3] 24 C.F.R. 982.404.

termination notice to SNRHA as "unclaimed" and "unable to forward."[4] As a result, Richardson did not know SNRHA terminated her Voucher.

According to the U.S. Postal Service website for tracking certified mail, the U.S. Postal Service never actually attempted to deliver the certified letter to the assisted unit; instead, the letter remained at the post office for nearly a month before returning to SNRHA on September 22, 2015.[5]

SNRHA ceased rental subsidies to Richardson's landlord on September 30, 2015. On or about October 2, 2015, Richardson discovered that SNRHA did not subsidize her October rent, so Richardson contacted SNRHA. SNRHA informed Richardson about the termination notice. On October 5, 2015, Richardson appealed the termination decision with SNRHA on the basis that she did not receive her termination notice.[6] On October 12, 2015, SNRHA denied Richardson's request for a hearing because Richardson failed to appeal the termination decision within 10 days of SNRHA issuing the termination decision.[7]

Without the Voucher, Richardson would not be able to afford a place to live. She is a single mother and sole caretaker of a minor child. Her only source of income is working for a staffing company working temporary jobs. On October 6, 2015, the landlord of her assisted unit served her with a 5-day eviction notice. The landlord could file a complaint for summary eviction any day.

## ARGUMENT

---

[4] *See* Exhibit A.
[5] *See* Exhibit B.
[6] *See* Exhibit C.
[7] *See* Exhibit D.

Richardson requires a preliminary injunction to force SNRHA to continue its subsidy payments to Richardson's landlord because without such relief, she will suffer the irreparable harm of homelessness. Richardson is likely to succeed on the merits of her claims. To succeed in her motion, Richardson must establish that: (1) she is "likely to succeed on the merits" and (2) will likely suffer irreparable harm without the restraining order; (3) "the balance of equities" tip in Richardson's favor; and (4) "an injunction is in the public interest."[8] In addition, Richardson seeks a mandatory injunction because SNRHA has already terminated her Voucher subsidy. The mandatory nature of the injunction requires this Court to deny the preliminary injunctive unless the facts and law clearly favor Richardson.[9]

A. *Richardson is likely to succeed on the merits because she did not receive any notice of her termination.*

Richardson is likely to succeed on the merits because a fundamental notion of due process requires notice before termination of any federal benefit like the Voucher and the facts and law clearly favor Richardson. In *Goldberg v. Kelly,* the Supreme Court held that recipients of public benefits facing termination are entitled to due process of law of "timely and adequate notice detailing the reasons for a proposed termination."[10] Courts have later applied this requirement to terminations of Vouchers.[11]

Although mail is usually an efficient method of providing constitutionally adequate notice under the Fourteenth Amendment, SNRHA cannot solely rely on mail if "continued exclusive reliance on an ineffective means of service is not notice 'reasonably calculated to

---

[8] *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365 (2008).
[9] *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1320 (9th Cir. 1994).
[10] *Goldberg v. Kelly*, 397 U.S. 254, 267-68 (1970).
[11] *Edgecomb v. Hous. Auth. of Vernon*, 824 F. Supp. 312, 314 (D. Conn. 1993).

reach those who could easily be informed by other means at hand.'"[12] Courts prefer certified mail, but the sole reliance on certified mailing is similarly insufficient.[13] Therefore, Courts have followed a simple rule for service via mail prior to taking a property interest such as public housing benefits: (1) send certified mail and (2) use alternate service if certified mail returns undelivered.

In this case, Richardson did not receive notice of her termination from the Voucher program. As evidenced by the returned certified letter, the U.S. Postal Service returned SNRHA's attempt to serve Richard with the Notice of Termination.[14] As far as Richardson is aware, SNRHA did not attempt any alternate service. Despite actual knowledge that Richardson did not receive the Notice of Termination on September 22, 2015, when the U.S. Postal Service returned the certified letter to SNRHA, SNRHA still continued with the termination of Richardson's Voucher on September 30, 2015. Even more egregious was SNRHA's refusal to hear any appeal by Richardson on the basis that she failed to appeal the Notice of Termination within 10 days of August 25, 2015, when SNRHA knew Richardson did not receive the Notice of Termination. Therefore, SNRHA violated Richardson's due process by terminating her Voucher without notice and refusing her appeal without justification.

B.   *Richardson will suffer the irreparable injury of homelessness if her subsidized housing is terminated.*

---

[12] *Greene v. Lindsey*, 456 U.S. 444, 455-56 (1982) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)).
[13] *Jones v. Flowers*, 547 U.S. 220, 238 (2006) (if the certified letter returns as unclaimed or undelivered, "there was more that reasonably could be done" prior to taking a property interest); *Lucky Dogs LLC v. City of Santa Rosa*, 913 F. Supp. 2d 853, 858-59 (N. Cal 2012) (state's failure to provide a return receipt of the hearing notice for an administrative fine was a "constitutional deprivation" of due process rights).
[14] *See* Exhibit A.

The type of harm Richardson will suffer without a preliminary injunction—termination of her housing subsidy, eviction and likely homelessness—is precisely the type of harm that courts in this Circuit have deemed irreparable. The standard for irreparable harm is actual, imminent harm that cannot be adequately compensated by money damages after a final judgment on the merits.[15] It is well-established that the loss of an interest in real property constitutes an irreparable injury.[16] This is particularly true when the property interest threatened is a federal housing subsidy for a tenant who is too poor to afford market rent without the subsidy. In *Park Village*, the 9th Circuit affirmed a decision by the District Court enjoining a landlord from refusing to honor federally subsidized vouchers from the Voucher program.[17] The 9th Circuit found the tenants faced eviction because they could not afford the market rent they would be charged without the voucher. Calling the hardship that would befall elderly, low-income tenants facing eviction "self-evident," the court affirmed that the risk of eviction for such tenants was an irreparable harm.[18]

Here, Richardson's sole source of income comes from temporary work that she started earlier this month through a staffing agency. HUD calculates that fair market rent for a one-bedroom apartment in the Las Vegas metropolitan area is $843.00 per month, which is more than Richardson can afford.[19] Without the Voucher, Richardson would not be able to pay market rent at another unit and continue to provide for her family's basic needs. It will be close to impossible to afford to live anywhere on her monthly income should SNRHA terminate her

---

[15] *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002).
[16] *Park Village. Apts. Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1159 (9th Cir. 2011); *See also Mitchell v. HUD*, 569 F. Supp. 701, 704-05 (N.D. Cal. 1983) (holding that potential eviction of a Section 8 tenant constituted sufficient possibility of irreparable injury); *McNeill v. New York City SNRHA*, 719 F. Supp. 233, 254 (S.D.N.Y. 1989).
[17] *Park Village Apts. Tenants Ass'n*, 636 F.3d at 1160.
[18] *Id.*
[19] 78 Fed. Reg. 61, 668-78 (October 3, 2013) (Schedule B, Page 31).

Voucher. In fact, since the termination of her Voucher, Richardson's landlord has served her with an eviction notice for failure to pay October rent, and she is at risk of eviction because she cannot afford the rent.

Because Richardson will not be able to pay her rent unless she receives the Voucher subsidy and faces an imminent risk of eviction and homelessness, she and her minor son will suffer irreparable harm without the injunction.

C.  *The balance of equities tip in Richardson's favor.*

SNRHA will suffer some hardship in having to assign a Voucher subsidy to Banks. Yet, the use of one Voucher subsidy will not prevent SNRHA from fulfilling its overall mission.[20] Where granting the injunction would require SNRHA to merely comply with basic notions of procedural due process and continue the Voucher pending the outcome of this case, and denying the injunction would cause Richardson to lose her housing, the balance of hardships tips sharply towards Richardson.

D.  *An injunction against Richardson's termination is in the public interest.*

The Ninth Circuit has held that compliance with the law is in the public interest.[21] In this case, SNRHA clearly violated Richardson's due process rights by failing to provide adequate notice—any notice—of her termination from the Voucher program. Despite knowing Richardson did not receive the termination notice, SNRHA's subsequent refusal to even consider Richardson's appeal further violates Richardson's due process rights to a fair hearing.

---

[20] *Perkins-Bey v. Hous. Auth. Of St. Louis County,* 2011 U.S. Dist. LEXIS 25438 (E.D. Mo. Mar. 14, 2011).
[21] *Park Village Apts. Tenants Ass'n,* 636 F.3d at 1160 (quoting *N.D. v. Haw. Dep't of Educ.,* 600 F.3d 1104, 1113 (9th Cir. 2010)).

An injunction requiring SNRHA to reinstate Richardson's Voucher is therefore in the public interest because it would mandate that SNRHA continue to comply with basic notions of due process and maintain the integrity of the Voucher program.

E.  *The bond requirement should be waived because Richardson is indigent.*

The security required by FRCP 65(c) should be waived because Richardson seeks to enforce important federal rights and has limited economic means. The bond requirement is not mandatory. The 9th Circuit has stated that courts have the discretion to dispense with the security requirement, or to request a mere nominal security, where requiring security would effectively deny access to judicial review.[22] In this case, Richardson has such limited income that the loss of her housing subsidy will render her at risk to eviction and possibly homelessness. For these reasons, an injunction should issue without any security requirement.

## CONCLUSION

Homelessness and loss of basic needs amount to irreparable harm sufficient to obtain a preliminary injunction. Richardson has a high likelihood of success on the merits because SNRHA's actions are in clear contradiction of federal law. For these reasons, this Court should issue an injunction to SNRHA to reinstate Richardson's recently terminated Voucher.

Wherefore Plaintiff Rhea Richardson respectfully prays as follows:

1.  A Preliminary Injunction to reinstate Richardson's Section 8 Housing Choice Voucher until such time as her Complaint may be heard by the Court;

---

[22] *California ex rel. Van De Kamp v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1325 (9th Cir. Cal. 1985); *see also Riley v. Nevada Supreme Court*, 763 F. Supp. 446, 462 (D. Nev. 1991).

2. That the bond required for the filing of a preliminary injunction be waived or nominal;

3. Grants such other and further relief as may be necessary and proper.

DATED this 19th day of October 2015.

Respectfully submitted,<br>
NEVADA LEGAL SERVICES, INC.<br>
<br>
By: _____<br>
RON SUNG, ESQ.<br>
Nevada Bar No. 13047<br>
I. KRISTINE BERGSTROM, ESQ.<br>
Nevada Bar No.10841<br>
530 South Sixth Street<br>
Las Vegas, Nevada 89101<br>
(702)386-0404<br>
Fax (702) 388-1641<br>
Attorneys for Plaintiff

**LIST OF EXHIBITS**

A. Certified Letter with Enclosed Notice of Termination

B. U.S. Postal Service Tracking of Certified Letter

C. Richardson's Request for an Informal Hearing to SNRHA

D. SNRHA's Denial of Informal Hearing Request